ALEJANDRO BOU RIVERA
Demandante-Apelante

v.

CORPORACION AZUCARERA DE PUERTO RICO
Demandada-Apelada

Núm. KLAN-95-00309

San Juan, Puerto Rico, a 12 de mayo de 1995

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El Sr. Alejandro Bou Rivera solicita la revocación parcial de la sentencia sumaria dictada

el 2 de noviembre de 1994 por el Tribunal de Distrito, Sala de San Juan█ en cuanto denegó su reclamación por horas extras *"sin especial imposición de costas ni honorarios de abogado".'*

Se trata de una demanda, en cobro de dinero y por incumplimiento de un contrato de servicios profesionales, instada por el señor Bou Rivera contra la Corporación Azucarera (la Corporación).

Confirmamos la sentencia apelada por entender que el Tribunal de Distrito actuó correctamente al determinar que, de conformidad con los términos del contrato, no procedía la reclamación de horas extras y al no imponerle a la Corporación el pago de costas y honorarios de abogado.

## I

El 1ro de marzo de 1993 las partes otorgaron un contrato de servicios profesionales y consultivos. El señor Bou Rivera prestó servicios durante los diez (10) meses de vigencia del contrato trabajando un total de 1,071 horas. Le fueron pagadas 720 a razón de $25.00 por hora. Ante ello, instó demanda reclamando el pago de $2,000.00 en concepto del pago de las ochenta (80) horas trabajadas durante el último mes del contrato, $470.55 por unos gastos de viaje no reembolsados y $6,775.00 por 271 horas extras trabajadas y no pagadas.

Luego de varios trámites procesales, las partes acordaron que no había controversia de hechos. El tribunal concedió término al señor Bou Rivera para presentar una moción de sentencia sumaria y a la Corporación para oponerse. (Autos originales, pág. 14, Minuta del 8 de junio de 1994). El 2 de noviembre de 1994, habiendo las partes presentado sus escritos, el tribunal dictó la sentencia sumaria apelada.

Declaró con lugar la reclamación por las ochenta (80) horas trabajadas durante el último mes del contrato y los gastos de viaje. Sin embargo, denegó la reclamación por horas extras basado en que los servicios prestados por el señor Bou Rivera fueron remunerados de conformidad con las cláusulas del contrato.

Ante nos, el señor Bou Rivera arguye que la determinación del tribunal de instancia de que la Corporación no venía obligada al pago de las horas extras trabajadas, viola el principio de equidad que repudia la doctrina de enriquecimiento injusto. Señala, además, que el tribunal erró al no imponerle a la Corporación el pago de costas y honorarios de abogado.

Por su parte, la Corporación arguye que, conforme a lo pactado, las horas extras serían compensadas en tiempo en los meses subsiguientes de la vigencia del contrato y no en dinero. Sostiene, además, que no incurrió en conducta temeraria, por lo que no erró el tribunal al no imponerle honorarios de abogado.

La controversia principal ante nos requiere que determinemos si bajo las cláusulas del contrato de servicios profesionales en cuestión el señor Bou Rivera tiene derecho al pago de las horas extras trabajadas.

## II

El Artículo 1473 del Código Civil de Puerto Rico (el Código) dispone que para la remuneración de los servicios profesionales se estará a lo convenido entre las partes. 31 L.P.R.A. sección 411.(1) Ello, en atención al principio de que *"las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse al tenor de las mismas."* Artículo 1044 del Código, 31 L.P.R.A. sección 2994; *Municipio de Ponce v. Roselló González,* ___ D.P.R. ___ (1994), **94 J.T.S. 112**, pág. 72.

Sabido es que si los términos del contrato son claros y no dejan duda sobre la intención de las partes, se estará al sentido literal de sus cláusulas. De lo contrario, será necesario interpretar sus cláusulas las unas por las otras, atribuyéndose a las dudosas el sentido que resulta del conjunto de todas. Artículos 1233 y 1237 del Código, 31 L.P.R.A. secciones 3471 y 3475; *Santiago v. Kodak,* ___ D.P.R. ___ (1992), **92 J.T.S. 11**, pág. 9163.

Las cláusulas 3, 4, 5 y 14 del contrato de servicios profesionales otorgado entre las partes regulan lo concerniente a la compensación de la labor rendida. Estas disponen que:

*"Tercera: "La Corporación" le pagará a "el Contratado" la suma de VEINTICINCO DOLARES ($25.00) por hora hasta un máximo de ochenta (80) horas mensuales, entendiéndose expresamente que la cantidad máxima a pagarse por los servicios aquí contratados no excederá de VEINTE MIL DOLARES ($20,000) por el período de su vigencia.*

*Cuarta: En caso de que los servicios de "el Contratado" sean necesarios por más de ochenta (80) horas al mes, el tiempo adicional trabajado se acumulará para ser compensado durante los meses subsiguientes.*

*Quinta: En caso de que "el Contratado" no trabajare la totalidad de ochenta (80) horas y no tuviera tiempo acumulado a ser compensado, en ese caso, "la Corporación" pagará a "el Contratado" las horas trabajadas a razón de VEINTICINCO DOLARES ($25.00) la hora.*

..............

*Decimocuarta: En caso de que el Contrato dure el término del mismo, diez (10) meses, en el último mes "el Contratado" trabajará las horas suficientes que sumadas a las horas que no hayan sido compensadas totalizarán un máximo de ochocientas (800) horas durante dicho período, las cuales serán compensadas al mismo tipo que dispone el Contrato (veinticinco dólares ($25.00 la hora)."*

De las cláusulas 3 y 14 del contrato, surge expresamente que la labor máxima a ser rendida por la totalidad del contrato era 800 horas y la compensación máxima acordada por la labor era $20,000.00. Es decir, que las partes expresamente limitaron la compensación de las horas totales trabajadas a un máximo de tiempo y dinero. Lo anterior es cónsono con la naturaleza del contrato otorgado.

El contrato en cuestión es uno típico de servicios profesionales y consultivos utilizados por las agencias gubernamentales. De ordinario estos contratos se otorgan, como en este caso, con cargo a asignaciones presupuestarias, por lo que el gobierno limita su duración a la disponibilidad de fondos e incluye cláusulas resolutorias subordinando su vigencia a la existencia de dichos fondos. (Véase la cláusula 2 del contrato y el primer párrafo de la parte expositiva). Este tipo de contrato es uno normado, toda vez que es reglamentado por diversas directrices agenciales que establecen las limitaciones al tipo de prestación de servicios fijando un contenido uniforme mínimo en el contrato a otorgarse. *Camacho Arroyo v. E.L.A.,* ___ D.P.R. ___ (1992), **92 J.T.S. 134,** pág. 9995-9996. Además, específicamente se incluye la cantidad máxima a pagarse.

Interpretando en conjunto las cláusulas antes transcritas, coincidimos con la determinación del tribunal de instancia de que las horas adicionales trabajadas serían compensadas en tiempo en los meses subsiguientes y no mediante paga. El señor Bou Rivera tenía pleno conocimiento de ello. Más aún cuando se dispone expresamente en el contrato que sólo tendría que trabajar aquellas horas que fueran necesarias para completar, junto con las horas extras no compensadas en meses anteriores, las 800 horas máximas pactadas. El hecho de que en la factura de diciembre, último mes del contrato, no exigiera el pago de las 271 horas

adicionales sino que reclamara únicamente el pago máximo pactado para un mes, demuestra su conocimiento de que no tenía derecho al pago de éstas. (véanse Exhibits II y III de la Moción Solicitando Status Conference, Autos originales, págs. 9 y 11).

Por tanto, al continuar rindiendo labor durante noviembre y diciembre, a pesar de tener acumuladas hasta octubre 190 horas, el alegado empobrecimiento sufrido es sólo atribuible a él.█ Cabe señalar, además, que el señor Bou Rivera no aportó prueba con su moción de sentencia sumaria para sustentar su planteamiento de que la Corporación se enriqueció injustamente al alegadamente continuar requiriéndole trabajo cuando estaba consciente de que se habían completado las horas de trabajo pactadas.

En síntesis, es forzoso concluir que el tribunal de instancia actuó correctamente al determinar, a la luz de la documentación suministrada por las partes y de la letra del contrato, que no procedía el pago de las horas extras reclamadas, sino la cantidad máxima dispuesta en el contrato.

Respecto a la imposición de honorarios de abogado, es norma firmemente establecida que esta determinación descansa en la sana discreción del tribunal sentenciador. Por ello, en ausencia de demostración de abuso de dicha discreción, no intervendremos con la determinación del tribunal apelado a esos fines. *Revlon Realistics, Inc. v. Las Américas Trust Company*, ___ D.P.R. ___ (1994), **94 J.T.S. 27**, pág. 11613-14; *Miranda v. Estado Libre Asociado de P.R.*, ___ D.P.R. ___ (1994), **94 JTS 52**, pág. 527.

En cuanto a la imposición de las costas del litigio, la norma en nuestra jurisdicción es que la concesión de éstas a la parte victoriosa es obligatoria. *JTP Development Corp. v. Majestic Realty Corp.*, ___ D.P.R. ___ (1992), **92 J.T.S. 53**, págs. 9469-9470. No obstante, en situaciones en que no ha habido en realidad parte victoriosa por haber ambas partes prevalecido en algunas de las controversias en el pleito, el tribunal tiene discreción para imponer o no el pago de las costas. *Autoridad Sobre Hogares v. Colón*, 73 D.P.R. 215, 222 (1952); *Central Pasto Viejo v. Aponte*, 34 D.P.R. 890, 907 (1926); J. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil*, **Publicaciones J.T.S.**, 1979, Análisis Editorial, pág. 240.

En este caso el tribunal de instancia condenó a la Corporación al pago de las 80 horas trabajadas durante el último mes del contrato más los gastos de viaje no pagados, pero denegó la reclamación de horas extras. Es decir, que tanto el señor Bou Rivera como la Corporación prevalecieron en parte. Por ende, el Tribunal de Distrito tenía discreción para denegar la concesión de costas a favor de ambas partes.

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 83**

1. En atención a lo dispuesto en el Artículo 9.004(b) de la Ley de la Judicatura de 1994, el recurso de epígrafe fue remitido a este Tribunal por el Tribunal Superior, Sala de San Juan.

2. Véase *Hatton v. Municipio de Ponce*, ___ D.P.R. ___ (1994), **94 J.T.S. 2**, pág. 11432.